GEORGE L. SHERWOOD AND JANE SHERWOOD
*vs.*
THE DISTRICT OF COLUMBIA.

{ Decided March 10, 1884.
{ The CHIEF JUSTICE and Justices Cox and JAMES sitting.

The District authorities had covered a well located on the public highway and in which was placed a pump for the use of the public, with a wooden platform, and upon this was laid a brick pavement even with the level of the sidewalk. Plaintiff had frequently used the pump, and there was nothing to lead one to suspect any danger or defect about it. On the day in question, while in the act of using the pump, the pavement over the platform suddenly gave way, precipitating plaintiff to the bottom of the well. It was in evidence that the District authorities had not for nine years made any examination or repair of the platform. By the court below it was held that express notice must be brought home to the District of the defect in the covering of the well; but it was—

*Held*, on appeal, that the District was bound to know that the platform was of perishable material, and to watch over it and keep it in repair; that having left it without examination for nine years, until it became a man trap, with the assurance to the public of security, there was such delinquency as rendered the District liable in damages.

THE CASE is stated in the opinion.

JOHN RIDOUT and I. WILLIAMSON for plaintiff.

A. G. RIDDLE and FRANCIS MILLER for the District.

Mr. Chief Justice CARTTER delivered the opinion of the court.

The plaintiff and his wife bring this action against the District of Columbia to recover damages for injuries received by the wife by reason of her falling into a public well situated on Seventh street in this city. Plaintiff's right to recover is based upon the alleged negligence of the defendant; while the defendant, on the other hand, claims that it is exempt from liability inasmuch as there is no proof that it had any express notice of the defective condition of the well. This defence was sustained by the court below in an instruction to the jury to find for the defendant. And upon that point, viz., the character of the notice required by the

District before it can be called upon to respond in damages, the case comes here.

The facts are undisputed, and are set forth in a bill of exceptions, which recites as follows:

" Upon the trial of the above entitled cause, the plaintiffs, to maintain the issue on their part joined, gave evidence tending to show that they were husband and wife, and that on September the 6th, 1881, they resided on the west side of Seventh street, between G and H streets S. W., Washington, D. C., where they had been living about eight months. That early in the morning of September 6, 1881, the plaintiff, George L. Sherwood, left home for the Center Market, where he had a stand for the sale of butter and eggs; and, a little later, about six o'clock a. m., Jane M. Sherwood, needing some water for domestic purposes, took a bucket and went to the nearest pump, which was on the west side of Seventh street, between G and H streets S. W., for the purpose of procuring the same. She had frequently been to this pump, going there every day before the accident for the same purpose, and had no notice of any danger or defect about it; there being no depression of the surface except a few of the bricks around the stock were slightly sunken; that the general surface of the sidewalk was level, and there was nothing to lead one to suspect that the pump was out of repair; that the plaintiff, Jane M. Sherwood, went there, not thinking there was any danger in going there. Having hung her bucket on the spout, and being about to pump, the pavement on which she was standing suddenly gave way beneath her, and she fell through to the bottom of the well, which was some 28 or 30 feet deep. She was entirely immersed in the water at the bottom of the well, and having come to the surface, got hold of a projection in the stock of the pump, to which she clung, until after about twenty minutes her rescue was effected by a colored man, who descended into the well, and arranged a rope around her, by means of which she was drawn up and taken out. She was insensible, and was carried bodily to her house and put to bed. It was some two weeks before she recovered from the

first effects of the shock and the bruises received; and while before the occurrence she was strong and healthy, capable of doing severe work without unusual fatigue, she has since been unable to engage in any domestic duty requiring much exertion without extreme fatigue and prostration. Some time afterwards she began to be troubled with rheumatism— a disease which had not troubled her before. And the plaintiff further gave evidence tending to show that the platform or covering over the well of said pump had been renewed in 1872 or 1873, when Seventh street was improved by the District authorities, and that the platform had not been renewed, repaired or examined from that time to the date of this occurrence, September 6, 1881, and that the portions of the platform which were visible after the occurrence were so decayed as to be mere pulp. And here the plaintiff rested.

Whereupon the defendant, by its counsel, prayed the court to instruct the jury that upon the whole case they should return a verdict for the defendant. And thereupon the court instructed the jury that the plaintiffs were not entitled to recover, because there was no evidence tending to show express notice to the defendant of the defect in the covering of the well, and that there was no evidence that the condition of the footway was such as to charge the defendant with constructive notice of the unsafe condition of the sidewalks. And the court instructed the jury to return a verdict for the defendant. To which ruling, instruction and direction of the court, the plaintiffs, by their counsel, excepted, and prayed the court," &c.

This ruling was maintained by the court below on a motion for a new trial, and the sole question presented us is the correctness of that ruling as applied to the state of facts embodied in the bill of exceptions.

The doctrine is well settled, that where statutory provisions do not make the corporation a guarantor of the condition of its highways, that the action must be predicated of negligence on the part of the municipality, and to fix upon it the charge of negligence, it must appear that in some way

they were advised of the condition of things which brought about the injury.

The history of this Seventh street well runs through a long series of years, and through repeated changes of the government of the District. It was one among a number of wells dug by the corporation of Washington before the building of the aqueduct, and were located throughout the city with reference to the convenience of the population. The government of the District of Columbia, as distinguished from the corporations of Washington, Georgetown and the county, inherited them. In process of time, improvements were made in the streets of the city, and a wooden platform was placed over this well, and upon that was laid a brick sidewalk. The undisputed facts in the case show that for a period of nine years the District suffered this wooden platform beneath the sidewalk to remain without reformation or renewal, and without investigation as to its condition. And when, at the end of these nine years, this rotten platform gives way, to the damage of this woman, the District comes into court and says, we have had no notice of this condition of things, no notice of the vice that culminated in the fall of this woman, and therefore ought not to be charged with liability. Another government has intervened in the direction of the affairs of the District, and it is owing probably to this change in the personnel of the government that the condition of this well has been overlooked, and not to any personal dereliction on the part of the present officials, nor is it important in the issues of this case to ascertain whether there has been or not. The question is whether we have a corporate delinquency here. Here is a work created by the District, a well dug and excavated in the public highway, with a pump in it, yielding water for domestic purposes. It invites the inhabitants of the neighborhood to go there and get their daily supply. The citizens had no notice of the rotten platform beneath, covered, as it was, by an imperishable brick roof. In using this pump, they had a right to expect that it was devised with a foundation of brick, or material as imperishable. Is the District under

the law chargeable with knowledge of the condition of this structure ?   They put it there and they covered it up ; they dug a hole thirty feet deep below it ; they put the brick upon the wood with the knowledge that the latter was perishable.   They ought to have known that when they laid these wooden structures upon which the sidewalk·was subsequently laid, they were laying something certain to decay. ·And although bound to know that this platform was liable to decay, the District made no examination of it for nine years !   Here was a complete man-trap, with the assurance to the public of security.   We hold that the knowledge of these facts was all the notice that was required in this case. Where the city constructs a thing of this kind, it becomes its duty to watch over it, to protect the public, or abide the consequences.

Judgment reversed and new trial granted.